UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLIFFORD L. NOLL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN PETERSON, et al.,<br><br>　　　　　　Defendant. | Case No. 2:12--cv-00138-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss (Dkt 5), and Noll's Motion to Strike (Dkt 9), which is essentially a second response to the motion to dismiss. For the reasons explained below, the Court will grant the motion to dismiss and deny the motion to strike.

## BACKGROUND

**1.　Noll's Past Claims**

In the past, Noll and his wife have filed several complaints against the IRS and it's employees, with similar allegations to those made in this case. The previous complaints by

the Nolls challenged the authority of the IRS and it's employees to assess and collect taxes. *Noll v. I.R.S.*, 1996 WL 84671, at *1 (D. Idaho 1996); *Noll v. United States*, 1998 WL 823413, at *1 (9th Cir. 1998); *Noll v. U.S. Gov't*, 1999 WL 1816896, at *2 (D. Idaho 1999). On one occasion, the Nolls tried to invoked the Freedom of Information Act to obtain documents from the IRS. *Noll v. I.R.S., U.S. Dept. of Treasury*, 1994 WL 745184, at *1 (D. Idaho 1994). The Nolls have also brought claims against individual IRS employees for fraud, embezzlement, and constitutional violations, based on the employees' attempts to collect unpaid taxes from them. *Noll v. Peterson*, 2001 WL 721733 (D. Idaho 2001) report and recommendation adopted at 2001 WL 846493 (D. Idaho 2001).

Each of the previous complaints were dismissed. Several of them were dismissed for lack of subject-matter jurisdiction under the doctrine of sovereign immunity. *Noll v. I.R.S*, 1996 WL 84671, at *3 (D. Idaho 1996); *Noll v. United States*, 1998 WL 823413, at *1 (9th Cir. 1998); *Noll v. U.S. Gov't*, 1999 WL 1816896, at *2 (D. Idaho 1999).  The Nolls' constitutional claims against IRS employees were dismissed because the courts have not recognized constitutional claims arising from the collection of taxes. *Noll v. Peterson*, 2001 WL 721733, at *3-4 (D. Idaho 2001) report and recommendation adopted 2001 WL 846493 (D. Idaho 2001). Such constitutional claims are unavailable because Congress has already provided sufficient remedies to protect taxpayers against improperly collected taxes. *Id.* Lastly, the Nolls' complaint invoking the Freedom of Information Act was dismissed because they failed to exhaust their administrative remedies before bringing suit. *Noll v. I.R.S., U.S. Dept. of Treasury*, 1994 WL 745184, at *2 (D. Idaho 1994).

2.   **Noll's Current Claim**

Noll's current Complaint and motion to strike are somewhat difficult to understand. Moreover, the current claims appear quite similar the allegations in the Nolls' previous complaints. Based upon a thorough review of the Complaint, the Court will dismiss the Complaint for the reasons explained below.

In his Complaint, the following defendants are listed: John Peterson; Betty Young; Keith Farrar; Ms. Case, employee #0469545905; Ms. Simmons, employee #04695248333; Mr. Parizek, 29-61699; and one, or more, unknown IRS Computer Data Entry Persons ("Defendants"). (Dkt. 1). The Complaint does not specifically list the IRS as a defendant. (Dkt. 1). However, the Ninth Circuit Court of Appeals has held that when a suit is brought against IRS employees in their official capacity, it is virtually a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Therefore, the Complaint will be construed as asserting claims against the IRS and against the individual defendants in their official capacity and individual capacity.

Noll's first claim appears to challenge the authority of the IRS and the individual defendants to assess and collect taxes from him and his wife. Noll asserts that on November 10, 1988, Defendant Unknown IRS Computer Data Entry Persons(s) wrongfully entered a debt of $221,233.56 against him and his wife. (Dkt. 1 at 2). Noll claims it was wrongful because he and his wife were not subject to a federal tax. (Dkt. 1 at 2). Specifically, Noll believes that he is a "lawful non-taxpayer in relationship to Federal Tax Regulation." (Dkt. 1 at 1). Thus, as stated above, it appears that Noll is challenging the IRS's authority and the individual defendant's authority to assess and

MEMORANDUM DECISION AND ORDER - 3

collect taxes from him and his wife.

Noll's second claim appears to assert that the individual defendants violated his constitutional rights. Noll asserts that in 1994 Defendants wrongfully generated a lien against his property and assets. (Dkt. 1 at 3). He also asserts Defendants wrongfully seized money from him and his wife's bank account after placing a levy on it. (Dkt. 1 at 3). Moreover, Noll claims that the Defendants have, and still are, making wrongful demands for payment in regard to an outstanding tax debt. (Dkt. 1 at 3). The Court understands Noll to be asserting that the Defendants use of lien, levy, or the seizing of his property and assets, violated his Fourth and Fifth Amendments to the Constitution. (Dkt. 1 at 3).

## LEGAL STANDARD

The government asks the Court to dismiss Noll's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedures, and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The Supreme Court has stated that Federal Courts are of limited jurisdiction and possess only the power given by the United States Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

---

[1] Along with its arguments that the Court lacks subject matter jurisdiction and that Noll has failed to state a claim upon which relief can be granted, The government asserts that Nolls claims should be dismissed based upon res judicata and insufficient service of process. (Dkt. 5 at 13-14). Although both arguments appear to merit dismissal, the Court will not address them because it is clear the Complaint should be dismissed based upon a finding that the Court lacks subject matter jurisdiction and because Noll has failed to state a claim upon which relief can be granted.

Such authority can not be expanded by judicial decree. *Id*. The party asserting subject matter jurisdiction bears the burden of establishing such jurisdiction. *Id*. In determining whether to dismiss a claim under Rule 12(b)(1), a court is not limited to the pleadings, "but may review any evidence, such as affidavit and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

As for the failure to state a claim argument, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

MEMORANDUM DECISION AND ORDER - 5

In a more recent case, the Supreme Court identified two "working principles" that underlie Twombly.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Id.  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id*. at 678-679.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Id. at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after Iqbal).[2]  The Ninth Circuit has held that "in

---

[2] The Court has some concern about the continued vitality of the liberal amendment policy adopted in Harris v. Amgen, based as it is on language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). In a pro se complaint, allegations are generally held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).

### ANALYSIS

**1.     Sovereign Immunity**

---

doubt that the plaintiff can prove no set of facts in support of his claim. . .."  Given Twombly and Iqbal's rejection of the liberal pleading standards adopted by Conley, it is uncertain whether the language in Harris v. Amgen has much of a life expectancy.

**MEMORANDUM DECISION AND ORDER - 7**

Noll's first claim challenges both the IRS's authority and the individual defendants authority to assess and collect taxes from him and his wife. (Dkt 1 at 1-2). The Court finds that it lacks subject-matter jurisdiction under the doctrine of sovereign immunity.

The United States, as a sovereign, may not be sued in federal court without its consent. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Gilbert*, 756 F.2d at 1458-1459. In *Gilbert*, the Ninth Circuit Court of Appeals explained that the United States is a sovereign, and therefore it is immune from suit unless it provides an expressed waiver to such immunity and consents to be sued. *Gilbert*, 756 F.2d at 1458-1459. If the United States does not unequivocally express a waiver, thereby consenting to the suit, the suit must be dismissed. *Id*. Additionally, the "party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir.1987).

Furthermore, as already mentioned, the Ninth Circuit Court of Appeals has held that a suit filed against IRS employees in their official capacity is, for all intents and purposes, a suit against the United States. *Gilbert*, 756 F.2d at 1458-1459. In *Gilbert*, the plaintiff argued that by naming three IRS employees as defendants, in their official capacity, the suit was not against the United States and therefore not barred by the doctrine of sovereign immunity. *Id*. The court disagreed, finding that the doctrine of sovereign immunity cannot be avoided simply by naming United States employees as defendants. *Id*. Therefore, the court dismissed all claims against the IRS and individual defendants who where acting in their official capacity, under the doctrine of sovereign

MEMORANDUM DECISION AND ORDER - 8

immunity. *Id*.

In this case, Noll attempts to avoid the doctrine of sovereign immunity by naming IRS employees as defendants in a similar way as the plaintiff did in *Gilbert*. Noll's attempt fails. As stated above, a suit filed against IRS employees in their official capacity is a suit against the United States. *Id.* Therefore, Noll's claim challenging the authority of the IRS and individual defendants to assess and collect taxes is a claim against the United States, and is subject to the doctrine of sovereign immunity. *Id*. Accordingly, Noll has the burden of showing that the United States waived it sovereign immunity and consented to the suit. *Baker*, 817 F.2d at 562.

Noll has failed to show that the United States waived its sovereign immunity. He has not produced any evidence of an expressed, statutory waiver by the United States. In fact, he has made no real attempt to do so. (Dkt. 1; Dkt 9). Thus, Noll is unable to produce an expressed waiver and consent by the United States, and his suit is barred by the doctrine of sovereign immunity. *Testan*, 424 U.S. at 399 (1976); *Gilbert*, 756 F.2d at 1458-1459. Accordingly, this Court holds that it does not have subject-matter jurisdiction, and Noll's claims against the IRS and individual defendants in their official capacity must be dismissed. *Id.*

## 2.   Fourth and Fifth Amendment Rights

Noll's second claim appears to be asserted against the individual defendants in their individual capacity. Specifically, Noll seems to allege that these individual defendants violated his Fourth and Fifth Amendments by using a lien, a levy, and by

MEMORANDUM DECISION AND ORDER - 9

seizing his property and assets. (Dkt 1).

The United States Supreme Court has recognized that the doctrine of sovereign immunity does not bar all actions against federal officials in their individual capacities for alleged violations of an individual's constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). However, this right to sue a federal official in their individual capacity for violation of constitutional rights under *Bivens* is qualified, and is not absolute. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)

The Supreme Court has provided general instruction describing when actions under *Bivens* are unavailable. *Schweiker v. Chilicky*, 487 U.S. 412, 423, (1988):"When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Id*. Based on this instruction, the Ninth Circuit has held that claims against IRS auditors and officials under *Bivens* are unavailable because the Internal Revenue Code gives the plaintiff taxpayer the appropriate protections against wrongful tax assessments and collections. *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990).

In *Wages*, the plaintiff alleged several constitutional violations against individual employees of the IRS for depriving her of her liberty and property through extortion, theft, fraud, and coercion. *Wages*, 915 F.2d at 1232. In that case, the court dismissed the plaintiff's constitutional claims under *Bivens* because the remedies provided by Congress

were sufficient to protect an injured taxpayer. *Id*. at 1235. Thus, the plaintiff failed to state grounds upon which relief could be granted. *Id*.

In this case, Noll is asserting similar claims. Noll argues that his Fourth and Fifth Amendment rights were violated by the individual defendants' conduct in assessing and collecting taxes. (Dkt 1). Noll claims that the individual defendants placed a lien and a levy on certain property and assets. (Dkt. 1). However, this conduct – using a lien or levy to collect taxes – has been provided for under Title 26 of the Internal Revenue Code, Chapter 64, entitled Collections. 26 U.S.C.A. § 6320; 26 U.S.C.A. § 6330. These sections of the Internal Revenue Code outline the procedures required by the government in using a lien or levy. *Id*. Noll has not asserted any conduct by the individual defendants which would be outside the scope of their responsibilities in assessing and collecting taxes. (Dkt 1). Clear precedent indicates that Noll's constitutional claim against IRS auditors and officials are unavailable because the Internal Revenue Code provides Noll the appropriate protections against wrongful tax assessments and collections. *Adams*, 355 F.3d at 1186; *Wages*, 915 F.2d at 1235. Therefore, the Court will dismiss Noll's constitutional claims based upon the Fourth and Fifth Amendments of the Constitution.

As noted above, dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after Iqbal). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

MEMORANDUM DECISION AND ORDER - 11

pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Here, the Court finds that Noll's pleading could not possibly be cured. Noll's claims are almost identical to the several claims he has filed in past years, all of which have been dismissed. Moreover, the orders dismissing Noll's claims which were appealed to the Ninth Circuit were affirmed. Accordingly, the Court finds that it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt 5) is **GRANTED**.

2. Noll's Motion to Strike (Dkt 9) is **DENIED**.

3. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.

DATED:  **October 5, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge